IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SAYLOR,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF NEBRASKA; NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES; RANDY KOHL, M.D.; NATALIE BAKER, M.D.; MOHAMMAD KAMAL, M.D.; CAMERON WHITE, Ph.D.; MARK WEILAGE, Ph.D.; ROBERT HOUSTON; FRED BRITTEN; DENNIS BAKEWELL; KARI PEREZ, Ph.D.; and CORRECT CARE SOLUTIONS, LLC,<br><br>　　　　　　　Defendants. | **8:17CV472**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion to remand, Filing No. 12, and the defendants State of Nebraska's and Nebraska Department of Correctional Services' motion for sanctions, Filing No. 6. This action was removed from the District Court of Lancaster County, Nebraska, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

I.　BACKGROUND

　　A.　Related Proceedings

The plaintiff is a Nebraska inmate who has been incarcerated by the Nebraska Department of Corrections for many years. The present action is one of several challenges he has made to the conditions of his confinement and his medical treatment. The United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") summarized the facts as follows:

> In 2002, while a prisoner at the Nebraska State Penitentiary (NSP), Saylor was allegedly attacked, beaten, and raped by other inmates. In 2005 Saylor was diagnosed with Post–Traumatic Stress Disorder (PTSD) as a result of the 2002 attack, and he began seeing Dr. Glen Christensen, a psychiatrist who contracted with NDCS. Saylor saw Dr. Christensen monthly for treatment. In April 2005, Saylor filed a complaint in state court alleging that the State of Nebraska and NDCS failed to protect him from the assault and failed to properly treat him after the assault. The trial was held in 2009, and in 2010 the state court entered an

> order in favor of Saylor, finding that the staff was negligent in failing to provide him with reasonably adequate protection from the 2002 assault. The court also found that Saylor received inadequate medical treatment from Dr. Kamal from 2002 to 2005. Saylor was awarded $250,000 in damages.

*Saylor v. Nebraska*, 812 F.3d 637, 641 (8th Cir.), *as amended* (Mar. 4, 2016), *cert. denied sub nom. Saylor v. Kohl*, 137 S. Ct. 161 (2016) (collectively, "*Saylor I*"). In the state court action, the court also found, however, that the Nebraska Department of Corrections had provided medically appropriate care from and after March 31, 2010. *Saylor v. State of Nebraska*, No. CI 05-1597 (March 31, 2010); *see Saylor v. Kohl*, No. 4:12cv3115 (D. Neb.), Filing No. 143-18, Index of Evid., Ex. 16, State Court Decision at 35-36.

In 2012, Saylor filed an action in federal district court. *See Saylor I,* No. 4:12-CV-3115 (D. Neb.). His action in federal court was centered on the allegation that the defendants reverted to providing him the type of inadequate medical care he had received prior to November 2005 subsequent to the state court decision. *Id.*, Filing No. 113, Second Amended Complaint at 15. He asserted violations of his First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, contending, inter alia, that the Department of Corrections' failure to continue the treatment plan approved in his state tort action amounted to deliberate indifference to serious medical needs. *Id.* at 26-27. He also asserted a state law claim for negligence. *Id.* at 27-28; *see also id.*, Filing No. 124, Memorandum and Order at 1-5; *Saylor v. Nebraska*, No. 4:12cv3115, 2013 WL 6036630, *2-3 (D. Neb. Nov. 13, 2013) (summarizing the plaintiff's allegations in *Saylor I*).

In that action, defendants Nebraska Department of Correctional Services, State of Nebraska, Natalie Baker, M.D., Dennis Bakewell, Fred Britten, Robert Houston, Mohammad Kamal, M.D., Randy Kohl, M.D., Mark Weilage, Ph.D., and Cameron White, Ph.D. (hereinafter, "the state defendants") moved to dismiss the plaintiff's negligence claim on the ground of sovereign immunity. *Saylor I*, No. 4:12cv3115, Filing No. 116. The court granted the motion, finding that the State of Nebraska had not waived its sovereign immunity to suits for negligence

2

in federal court through the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209. *Id.*, Filing No. 124, Memorandum and Order at 6; *Saylor I*, No. 4:12cv3115, 2013 WL 6036630 at *4. The court found the Nebraska courts have exclusive jurisdiction over all tort claims against the State of Nebraska, its agencies, or its employees. *Id.* at 7; 2013 WL 6036630 at *4.[1] The court also found Saylor's § 1983 claims for damages against the individual defendants in their official capacities were barred by sovereign immunity. *Id.* at 10. The court denied the defendants' motions to dismiss the § 1983 claims against the individual defendants in their individual capacities and claims for equitable relief. *Id.* at 12.

The court later denied the state defendants' motion for summary judgment based on qualified immunity. *Saylor I,* No. 4:12CV3115, Filing No. 178, Memorandum and Order at 22-27; *Saylor I*, No. 4:12CV3115, 2014 WL 7335742 at *11-*13 (D. Neb. Dec. 22, 2014). Following an interlocutory appeal, the Eighth Circuit reversed. *See Saylor I,* 812 F.3d at 642. The Eighth Circuit found no deprivation of Saylor's First, Fourteenth, or Eighth Amendment rights and remanded the action "with directions to dismiss [the state defendants] and for the entry of any further necessary orders concerning the non-appealing parties" consistent with its ruling. *Id.* at 647.

On remand, this court dismissed the plaintiff's claims against the state defendants, dismissed the plaintiff's constitutional claims against the non-appealing parties (defendants Natalie Baker, M.D., and Correct Care Solutions) and declined to exercise supplemental

---

[1] By removing the present action to this court, the state has essentially waived any Eleventh Amendment immunity. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616-18 (2002) (explaining that a State's Eleventh Amendment immunity is waived if a state actor with the power to bring suit in federal court invokes federal jurisdiction in a clear and voluntary manner such as by removing it from state court); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that a state may not remove a case to federal court and then attempt to assert immunity that would not have been available in state court).

3

jurisdiction over the plaintiff's state law negligence claim. *Saylor I,* No. 4:12CV3115, Filing No. 222, Memorandum and Order at 5-9; *Saylor v. Kohl*, 2016 WL 8201925, at *3-*5 (D. Neb. Nov. 28, 2016).

Saylor later filed a motion under Federal Rules of Civil Procedure 59 and 60 to vacate the court's order dismissing the action, reopen the case, and grant leave to file a third amended complaint. *Id.,* Filing No. 225. The attached proposed third amended complaint restated the plaintiff's earlier claims, added some factual allegations, and asserted a claim for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq. Id.*, Filing No. 225-1, proposed third amended complaint. The court denied the motion, finding plaintiff had not met the standards for relief under Federal Rules of Civil Procedure 59(e) and 60(b). *Id.*, Filing No. 230, Memorandum and Order; *Saylor I*, 2017 WL 486921, *1 (D. Neb. Feb. 6, 2017). Neither this court nor the Eighth Circuit ever addressed the merits of Saylor's negligence claim.

B. The Present Action

In his original complaint filed in state court, the plaintiff alleged both state and federal claims against the same defendants involved in *Saylor I*. Filing No. 1-1, Complaint. The original complaint appears to be substantially similar, if not identical, to the proposed third amended complaint submitted in the federal case. The state defendants removed the action to this court, basing jurisdiction on a federal question. Filing No. 1, Notice of Removal. After the action was removed to this court, the state defendants filed a motion to dismiss based on res judicata and the plaintiff amended his complaint.[2] Filing No. 8, Motion to Dismiss; Filing No. 11, Amended Complaint. He recited essentially the same factual background, but asserted only a state law negligence claim.

---

[2] Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or a motion under Rule 12(b). The defendants filed a motion to dismiss on January 3, 2018 and Saylor amended his complaint and moved to remand five days later.

4

Saylor now moves to remand the action to state court, arguing that the action was improperly removed and also contending that this court lacks jurisdiction.[3] The defendants oppose remand and urge the court, in its discretion, to exercise supplemental jurisdiction over the case. They argue that the court's familiarity with the earlier Saylor litigation is a compelling rationale for retaining jurisdiction, especially since "no novel or complex issue of state law is presented and the basis for dismissal will be a straightforward application of res judicata principles." Filing No. 19, Brief at 4.

The defendants also move for sanctions under Federal Rule of Civil Procedure 11. Their motion is premised on the contention that all of the plaintiff's claims are frivolous and legally untenable because they are precluded by *Saylor I*.

II. LAW

 A. Motion to Remand

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009).

Generally, when determining whether removal is proper, the court looks to the plaintiff's pleadings at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *see*

---

[3] In his motion to remand, Saylor disputes the defendants' representation that all defendants had consented to the removal. The contention is related to his pending motion to alter or amend the state court's dismissal of all of the individual defendants for failure to effect service within six months of the filing of the Complaint. Filing No. 1-1, State Court Record at 50 (Page ID # 55). In support of his motion to alter or amend, Saylor has submitted proofs of service showing the individual defendants were in fact served within the six-month period, but after the case was removed. In light of the court's finding on the motion to remand, the court need not address the plaintiff's varied arguments regarding service of process and unanimous consent, and will deny the motion to alter or amend as moot, without prejudice to reassertion in state court.

5

*Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789–90 (8th Cir. 2012) (holding that the court's jurisdiction is measured at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated).[4] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)); *see also Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and supplemental jurisdiction over claims that are "so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §§ 1331, 1367(a); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005). State law claims fall within the court's supplemental jurisdiction if they are based on the same acts that formed the basis for the federal claims. *See, e.g., Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011) (noting federal and state constitutional claims concerning the same conduct by defendant formed part of the same case or controversy under Article III).

---

[4] In the Eighth Circuit, there is some authority for the proposition that an amended complaint can be considered when determining removal jurisdiction. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (considering an amended complaint as relating back under Federal Rule of Civil Procedure 15). Notably, the case involved an attempt to establish jurisdiction, not to destroy it. *Id.* at 929 (amending complaint after removal to add a Class Action Fairness Act claim); *see also Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1241 (8th Cir. 1995) (amending after finding of preemption); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (amending to add a Carmack Act claim). The rule that jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments applies in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed. *See, e.g., Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000). Where an amended complaint solidifies rather than destroys federal jurisdiction, an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject matter jurisdiction are met at the time the judgement is entered. *Id.*; *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Accordingly, the *Wireless Tel.* decision has no application to this case and the court will consider the complaint at the time of removal.

The decision whether to exercise supplemental jurisdiction after dismissal of the federal claim is discretionary. *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (8th Cir. 1996) (noting that a court having jurisdiction at the time a case is removed may continue, in its discretion, to exercise supplemental jurisdiction over state law claims). Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a claim if the district court "has dismissed all claims over which it has original jurisdiction." See *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed). If a statutory factor under § 1367(c) (such as dismissal of all original jurisdiction claims) is present, the court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise supplemental jurisdiction. *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011). "[I]n the usual case," these factors will "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). A court can consider whether the plaintiff has engaged in any manipulative tactics and take that factor into account in deciding to remand a case. *Id.* at 357.

  B.  Rule 11 Sanctions

Even after dismissal or remand, a district court may retain jurisdiction over a pending motion for sanctions—imposing sanctions is a "'collateral' issue addressing whether an attorney has 'abused the judicial process,' and is not a 'judgment on the merits' of the underlying action." *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (quoting Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576). If, after notice and a reasonable

7

opportunity to respond, the court determines that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). It is clear that the central purpose of Rule 11 is to deter baseless filings in district court. Cooter & Gell, 496 U.S. at 393.

The general standard for imposition of Rule 11 sanctions is that the conduct of a party or its counsel was objectively unreasonable. Black Hills Inst. of Geological Research v. S.D. Sch. of Mines & Tech., 12 F.3d 737 (8th Cir. 1993); see Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (noting that the standard "is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'") (quoting Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1009 (8th Cir. 2006)). "The imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir. 1987).

III. DISCUSSION

A. Motion to Remand

A federal question was presented on the face of the plaintiff's original complaint at the time of removal. Accordingly, the court finds removal was proper under 28 U.S.C. § 1441(a) and the court has jurisdiction over the case.

The federal claims have now been abandoned and only the plaintiff's state law negligence claim is at issue. In *Saylor I*, this court ultimately declined to exercise its supplemental jurisdiction over Saylor's state law negligence claim. That claim remains at issue in the present case. Once again, in its discretion, the court will decline to exercise supplemental jurisdiction over the plaintiff's state law negligence claim. Contrary to the defendants' contention, the courts' findings on the plaintiff's constitutional claims in *Saylor I* does not preclude consideration of the plaintiff's negligence claim. The issue presented in the plaintiff's amended complaint is whether the defendants continued to provide the plaintiff with treatment

that met the applicable community standard of care from and after March 31, 2010. Essentially, Saylor presents the same challenge to the defendants' conduct that he presented in his earlier state court action in 2010, but the allegations relate to a different time-frame. Principles of economy, convenience, fairness, and comity dictate that state court is a superior forum for the plaintiff's claim. The claim is a state law claim and the state courts have as much or more familiarity with the plaintiff's claim as this court has.

B. Motion for Sanctions

The court finds the defendants' motion for sanctions should be denied. Although the plaintiff arguably violated Rule 11 by including the civil rights claims in his original complaint, the defendants have not shown the pleading was interposed for an improper purpose in that the pleading was timely amended to abandon the claims. The amended complaint contains a legally tenable claim. The plaintiff's counsel's reliance on a "form pleading" apparently cut and pasted from an earlier complaint is condoned, but the court does not consider the plaintiff's claims to be so baseless as to warrant Rule 11 sanctions. Notably, within a short time after the action was removed the plaintiff filed an amended complaint, removing the objectionable claims. He essentially concedes his civil rights claims are precluded.

The court finds the defendants have similarly engaged in questionable conduct. The contention that the negligence action was barred by res judicata is unavailing. The record shows that the merits of the plaintiff's negligence claim was never addressed in *Saylor I*. Also, the defendants have taken inconsistent positions—asserting sovereign immunity in the earlier action and waiving it by removal in this case. Having removed the action to federal court, the defendants should not be awarded their costs for doing so. Under the circumstances, the court finds imposition of sanctions is not appropriate. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion to remand ([Filing No. 12](Filing No. 12)) is granted.

2.	The defendants' motion for sanctions ([Filing No. 6](Filing No. 6)) is denied.

3.	The plaintiff's motion to alter or amend ([Filing No. 20](Filing No. 20)) is denied as moot, without prejudice to reassertion in state court.

4.	This action is remanded to the District Court for the District of Lancaster County, Nebraska.

Dated this 10th day of April, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge